IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AKIN GUMP STRAUSS HAUER & FELD LLP,
2001 K Street, N.W.
Washington, D.C. 20006,

      Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY,
2707 Martin Luther King Jr Ave SE
Washington, DC 20528-0525,

and

UNITED STATES CUSTOMS AND BORDER PROTECTION,
1300 Pennsylvania Avenue NW
Washington, D.C. 20229,

      Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of agency records improperly withheld from Plaintiff Akin Gump Strauss Hauer & Feld LLP ("Akin") by Defendant United States Customs and Border Protection ("CBP").

2. On March 18, 2024, Akin requested a discrete set of records from CBP.

3. Despite the passage of more than a year since its FOIA request, Akin has yet to receive a single record.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It has personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

5. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

6. Because the CBP failed to respond to Akin's FOIA request within the statutory time limit, Akin is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**PARTIES**

7. Plaintiff Akin Gump Strauss Hauer & Feld LLP is a law firm in Washington, D.C.

8. Defendant Department of Homeland Security is a cabinet-level agency of the U.S. government.

9. Defendant U.S. Customs and Border Protection is an agency within the Department of Homeland Security.

**BACKGROUND AND FACTS**

A.   **FOIA Requirements**

10. Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)); 5 U.S.C. § 552.

11. To that end, the Act requires agencies to "make reasonable efforts to search" for records requested by the public, and to "promptly" release responsive records to the requestor. 5 U.S.C. § 552(a)(3)(A), (C).

12. FOIA also requires agencies to determine within 20 business days whether it will "comply" with a request. 5 U.S.C. § 522(a)(6)(A). And once it makes that determination, the agency must "immediately notify" the requester of its determination and reasoning. *Id*.

13. In "unusual circumstances[,]" agencies may extend their determination deadline by 10 days. 5 U.S.C. § 552(a)(6)(B).

**B.     Akin's FOIA Request**

14. Akin represents Walid Mansour, a private individual.

15. On March 18, 2024, Akin submitted a FOIA request to CBP requesting the following agency records about Mr. Mansour:

> All records of entries, stops, arrests, apprehensions, and secondary inspection for Walid Mansour.

16. Akin included in the request identifying information for Mr. Mansour.

17. On information and belief, CBP can easily and quickly obtain the requested records by querying its electronic data systems using the identifying information Akin provided.

18. Indeed, CBP's "SecureRelease Portal" lists the processing track for Akin's FOIA request as "Simple."

19. On July 8, 2024, Akin requested an update on the status of its FOIA request, including estimated processing time. It noted that CBP's FOIA portal indicated that an Initial Determination of the request had been issued, but explained that it had not received any communication from CBP regarding the request.

20. Akin received no response to its July 8, 2024 status inquiry.

21. On November 15, 2024, CBP sent Akin an email in the form of an initial acknowledgement of a FOIA request.

22. The November 15, 2024 email stated "[t]his notice acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Customs and Border Patrol (CBP) received on 3/18/2024." It asked Akin to "[p]lease use the following unique FOIA tracking number CBP-FO-2024-076383 to track the status of your request." CBP additionally stated that its "goal is to respond within 20 business days of receipt of your request," and referenced its ability to extend that period by 10 days.

23. As referenced above, the 20 business-day response period and allowance for a 10-day extension are set by statute, 5 U.S.C. § 552(a)(6)(A), (B).

24. CBP's November 15, 2024 email then stated, without referencing any statutory or regulatory support, that the agency may take "6–9 months" to respond to Akin's FOIA request, referencing an "increasing number of FOIA requests received by [the CBP FOIA] office, and a current backlog."

25. More than 13 months have passed—far more than the maximum of 30 days permitted by statute and substantially more than the estimated "6–9 months." Yet CBP has not notified Akin whether it will comply with its FOIA request, much less produced any records responsive to it.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search for Responsive Records**

26. Akin realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

27. Defendants are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Akin's FOIA request.

4

28. Defendants' failure to conduct a reasonable search for records responsive to Akin's request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT TWO
### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Produce Responsive Records

29. Akin realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

30. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to "promptly produce" records responsive to Akin's FOIA request.

31. Akin has a legal right to obtain such records, and no legal basis exists for Defendant's failure to produce them.

32. Defendants' failure to produce all responsive records violates 5 U.S.C. § 552(a)(3)(A).

## COUNT THREE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond within Time Required

33. Akin realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

34. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) and 552(a)(6)(A)(i) to promptly produce records responsive to Akin's FOIA request. Akin thus has a legal right to obtain such records within the statutorily prescribed time limit, and no legal basis exists for the Defendants' failure to produce them within that period.

35. Defendants' failure to produce all responsive records within the statutorily prescribed time limit violates 5 U.S.C. § 552(a)(3)(A) and 552(a)(6)(A)(i).

**PRAYER FOR RELIEF**

WHEREFORE, Akin respectfully requests that this Court:

a. Declare that Defendants' failure to produce records responsive to Akin's request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

b. Order CBP to search for and produce, by a date certain, all records responsive to Akin's FOIA request in accordance with 5 U.S.C. § 552(a)(3)(C);

c. Enjoin CBP from improperly withholding records responsive to Akin's FOIA request;

d. Award Akin reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation;

e. Retain jurisdiction to ensure CBP's ongoing compliance with the foregoing orders; and

f. Grant such other and further relief that this Court deems just, equitable, and appropriate.

Date: May 12, 2025

Respectfully submitted,

/s/ Caroline L. Wolverton
Anthony T. Pierce
D.C. Bar No. 415263
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff Akin Gump Strauss Hauer &Feld LLP*