UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD, LLP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | Civil Action No. 25-1435 (ACR) |

**DEFENDANTS' PRE-MOTION NOTICE**

Defendants Department of Homeland Security and U.S. Customs and Border Protection ("CBP") (collectively "Defendants"), by and through the undersigned counsel, respectfully submit this Notice requesting a Pre-Motion Conference or briefing schedule.[1] *See* Standing Order ¶ 7(f).

Plaintiff brought this case under the Freedom of Information Act ("FOIA") seeking to compel the release of documents relating to one FOIA request sent to CBP. CBP made one release on June 9, 2025, and a final release on August 7, 2025. The parties have narrowed the issues to the FOIA Exemption 7(E) withholdings on page three of the August 7, 2025, production. *See* Jt. Status Report (ECF No. 11). As discussed below, Defendants intend to move for summary judgment on this remaining issue pursuant to Federal Rules of Civil Procedure ("Rule") 56 because CBP properly withheld the information under Exemption 7(E).

---

[1] Defendants' Pre-Motion Notice was originally due on October 6, 2025, but pursuant to Standing Order 25-59, that filing was automatically extended by 53 days.

**LEGAL STANDARDS**

Where no genuine dispute exists as to any material fact, summary judgment is required, and genuine issue of material fact is one that would change the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). The court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record, nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).

**ANTICIPATED ARGUMENTS**

CBP properly withheld information pursuant to Exemption 7(E). First, to establish the applicability of any subparts of Exemption 7, the government must first show that the records at issue were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The D.C. Circuit "has long emphasized that the focus is on how and under what circumstances the requested files were compiled, . . . and 'whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding.'" *Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 79 (D.D.C. 2016) (citation omitted). CBP is a federal law enforcement agency and is charged with protecting the borders of the United States against terrorists and terrorist weapons, and with enforcing the customs, immigration, and agricultural protection laws of the United States, among other law enforcement tasks. 6 U.S.C. § 211. Given the breadth of CBP's law enforcement mission and the type of records Plaintiff requested—i.e., all records of entries, stops, arrests,

apprehensions, and secondary inspection for Walid Mansour (*see e.g.,* Compl. (ECF No. 1) ¶ 15)—the documents were collected and maintained by CBP as part of its law enforcement mission and meet the threshold requirement of Exemption 7.

Next, Exemption 7(E) addresses withholding of law enforcement records where the release of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions[] or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The "requirement that disclosure risk circumvention of the law 'sets a relatively low bar for the agency to justify withholding." *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 31 (D.D.C. 2018) (citations and internal quotation marks omitted). As previously explained to Plaintiff, CBP properly withheld the information pursuant to Exemption 7(E) because if CBP disclosed the confidential information, it would enable individuals to avoid additional scrutiny at ports of entry. For example, Mr. Mansour (the subject of Plaintiff's FOIA request) could alter his travel patterns and effectuate other countermeasures to circumvent CBP's law enforcement techniques. Also, not only does disclosing this information reveal CBP's techniques and procedures for investigations, but it also compromises confidential sources. When making decisions on whether an individual is admissible, CBP may rely on confidential sources to conduct law enforcement investigations, and individuals could change their travel or take other proactive steps to counter these sources. Indeed, the foreseeable harm is that these sources may no longer share confidential information with CBP if they knew that it could be publicly released. Thus, the release of this information would jeopardize ongoing CBP investigations and operations and assist those seeking to violate or circumvent the law. Importantly, providing Plaintiff the requested materials "would release the contested materials to *the world at large*, not just to [the

requestor]." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007) (emphasis in original). Accordingly, CBP properly invoked Exemption 7(E) to withhold law enforcement information where the public disclosure could reasonably be expected to risk circumvention of the law, and the withholdings should be upheld.

Lastly, CBP satisfied its segregability obligations. To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). Here, CBP will attest that it made every effort to provide Plaintiff with all reasonably segregable portions of the requested material. CBP will further attest that it carefully examined the documents and the withholdings at issue to determine which information was exempt or nonexempt from disclosure, and that nothing further could be released without revealing protected material or causing reasonably foreseeable harm.

For all these reasons, Defendants request that the Court schedule a pre-motion conference or briefing schedule because summary judgment in Defendants' favor is warranted.

| | |
|---|---|
| Dated: November 26, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:     */s/Stephanie R. Johnson*<br>STEPHANIE R. JOHNSON,<br>  D.C. Bar # 1632338<br>Assistant United States Attorney<br>Civil Division<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-7874<br>Stephanie.Johnson5@usdoj.gov<br><br>*Attorneys for the United States of America* |