IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Civil Action No. 1:25-cv-1435-ACR |

**PLAINTIFF'S CROSS-REQUEST FOR PRE-MOTION CONFERENCE AND RESPONSE TO DEFENDANTS' PRE-MOTION NOTICE**

Plaintiff intends to move for summary judgment on its claims that the Freedom of Information Act ("FOIA") entitles it to information that Defendants have withheld, and to oppose Defendants' motion for summary judgment. Plaintiff therefore respectfully requests, in accordance with Section 7(f) of the Court's Standing Order in Civil Cases (ECF No. 10), that the Court schedule a pre-motion conference.

The government's Pre-Motion Notice (ECF No. 12) baldly asserts that the information withheld by the U.S. Customs and Border Protection ("CBP") that is at issue falls within FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E). Like CBP's response to Plaintiff's FOIA request, however, the government's notice provides no explanation of what law enforcement techniques, procedures, or guidelines are involved, and no explanation of how disclosure of the information Plaintiff seeks could reveal them. The agency's threadbare invocation of Exemption 7(E) is insufficient to carry its burden.

**LEGAL STANDARDS**

FOIA cases are typically resolved on summary judgment, where the movant must show that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1267 (D.C. Cir. 2018); Fed. R. Civ. P. 56(a).

The government bears the burden of establishing that its claimed FOIA exemption applies. 5 U.S.C. § 552(a)(4)(B); *Citizens for Resp. & Ethics in Wash. ("CREW") v. U.S. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). It relies on Exemption 7(E), which applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . ." 5 U.S.C. § 552(b)(7)(E).

To meet its burden of establishing Exemption 7(E)'s applicability to the information at issue, "the agency must at least provide *some* explanation of what procedures are involved and how they would be disclosed." *CREW*, 746 F.3d at 1102 (collecting cases).

**ANTICIPATED ARGUMENT**

The government's Pre-Motion Notice fails to provide an explanation of its withholdings that would meet its burden of establishing that FOIA Exemption 7(E) applies. The notice provides only a conclusory description of the withheld materials as "confidential information" and asserts that disclosing them would "reveal CBP's techniques and procedures for investigations . . . ." ECF No. 12 at 3. It gives no explanation of what law enforcement techniques, procedures, or guidelines are implicated, or how they would be disclosed. The government's "near-verbatim recitation of the statutory standard is inadequate" and would fail to carry its burden of "at least provid[ing]

*some* explanation of what procedures are involved and how they would be disclosed." *CREW*, 746 F.3d at 1102.

The government's notice additionally asserts that the withheld information "also compromises confidential sources." ECF No. 12 at 3. However, CBP has never invoked the FOIA exemption that applies to confidential sources, which is Exemption 7(D) (covering information compiled for law enforcement purposes that "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source"). In any event, the notice fails to provide any explanation that would meet the government's burden under that exemption of "showing that the source is a confidential one." *CREW*, 746 F.3d at 1101 (citing *U.S. Dep't of Just. v. Landano*, 508 U.S. 165, 172 (1993)).

In conclusion, summary judgment for Plaintiff is appropriate because CBP's withholdings are not justified. Plaintiff respectfully requests a pre-motion conference at the Court's earliest convenience.

December 3, 2025

Respectfully submitted,

*/s/* Caroline L. Wolverton
Anthony T. Pierce, D.C. Bar No. 415263
Caroline L. Wolverton, D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff Akin Gump Strauss Hauer &Feld LLP*